### IDEAL ROOFING AND SHEET METAL WORKS, Inc. v. LEONARD KELLER CONSTRUCTION CORP, et al.

No. 76-9065.

Circuit Court, Dade County.

November 3, 1977.

Jeffrey D. Rubinstein, Miami, for the plaintiff.

Charles S. Stratton, Miami Beach, for the defendants.

JOHN GALE, Circuit Judge.

*Final judgment:* This cause having come before the court for trial without a jury, and the court having examined the pleadings filed, heard testimony, received evidence, and heard argument of counsel, based upon the evidence presented, the credibility of the witnesses, and the probative value of their testimony, the court as the trier of the facts makes the following findings of fact and conclusions of law —

### Findings of fact

1. On or about May 24, 1973 the plaintiff entered into a contract with the defendant Leonard Keller Construction Corp. for the construction of roofs on the Mansion Townhouse Condominiums

comprised of five buildings which were conceived, developed, constructed and sold to the public by the defendant Leonard Keller, Inc. on property located in Dade County owned by Leonard Keller, Inc.

2. On or about July 30, 1973 the plaintiff, due to a picket line against one of the other subcontractors on the job, was unable to complete the roofs. This was a condition beyond the plaintiff's control for which the plaintiff cannot be held responsible.

3. From approximately July 30, 1973 thru the end of 1973, the defendants allege they suffered problems with roof leaks and water damage to the interiors of the buildings numbered 1, 2, and 3. However, on or about January 14, 1974, the defendant Leonard Keller Construction Corp. entered into a second contract with the plaintiff for the completion of the roofs on buildings numbered 4 5. The defendants urged that the reason they entered into the second contract with the plaintiff was that no other roofing company could or would do the work and that they were "stuck" with going back to the plaintiff. This statement made by a knowledgeable businessman completely lacks credibility and the court does not believe that if the plaintiff's work performed prior to July 30, 1973 caused the damages which the defendants allege, that notwithstanding same, a second contract would have been entered into. Nothing in the second contract makes mention of any adjustments, or credits for alleged prior damage. The defendants introduced insufficient proof of the extent or dollar amount of alleged damage suffered. In the court's opinion, the defendants have attempted to contrive an excuse for non-payment, and their proofs on these points fall short of sustaining any legal defense for non-payment.

4. The plaintiff innocently and in good faith completed the roofs of the Mansion Townhouse Condominiums constructed on the property owned by the defendant Leonard Keller, Inc. in a good workmanlike manner in accordance with the specifications of the contracts and the architect's plans.

5. The defendant Leonard Keller, Inc. had knowledge of the plaintiff's improvements, accepted same, and profited thereby.

6. The total value of the improvements made by the plaintiff was and is $18,471, of which there remains unpaid $4,091 which is due and owing to the plaintiff from the defendant Leonard Keller Construction Corp. on the contracts and from the defendant Leonard Keller, Inc. on quasi-contract.

7. The plaintiff sustained its burden of proof of breach of contract against Leonard Keller Construction Corp., a dissolved

Florida corporation, and the plaintiff sustained its burden of proof of quasi-contract against the defendant Leonard Keller, Inc., a Florida corporation.

8. The defendants failed to sustain their burden of proving their affirmative defenses.

9. The defendant Leonard Keller Construction Corp., a dissolved Florida corporation, failed to sustain its burden of proving its counterclaim.

*Conclusions of law*

1. Where a subcontractor furnishes labor or materials which benefit the property of a person with whom there is no privity of contract, an action on quantum meruit may lie against the landowner to recover the reasonable value of such labor and materials so furnished where the essential elements of quasi-contract are present, the most significant being the unjust enrichment of the defendant, 66 Am. Jur. 2d, Section 16, *Restitution and Implied Contracts.*

2. The essential elements of quasi-contract are a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof. In other words, the receipt of a benefit, inequitable to retain, is the essence of a quasi-contractual obligation. 17 C. J. S., *Contracts,* Section 6, p. 572.

3. Where goods are furnished or services rendered by one person for another at his request, or without his request but with his knowledge, and those goods or services are knowingly and voluntarily accepted, the law will presume that they are given and received in the expectation of being paid for, and will infer a promise to pay what they are reasonably worth. 28 Fla. Jur., *Restitution and Implied Contracts,* Section 16.

It is therefore ordered and adjudged that —

1. The plaintiff, Ideal Roofing and Sheet Metal Works, Inc., a Florida corporation, recover from the defendants, Leonard Keller, Inc., a Florida corporation, and Leonard Keller Construction Corp., a dissolved Florida corporation, damages in the amount of $4,091 plus interest from October 2, 1974 at the legal rate in the amount of $736.38, for total damages in the amount of $4,827.38, for which sum let execution issue.

2. The court reserves jurisdiction of this cause to determine the amount of costs to be taxed against the defendants, Leonard Keller,

Inc., a Florida corporation, and Leonard Keller Construction Corp., a dissolved Florida corporation, at a later hearing to be noticed by the plaintiff.

3. The court reserves jurisdiction to determine the amount of attorney's fees to be taxed against the defendant, Leonard Keller Construction Corp., a dissolved Florida corporation, at a later hearing to be noticed by the plaintiff.

4. The defendant, Leonard Keller Construction Corp., a dissolved Florida corporation, takes nothing by its counterclaim and shall go hence without day.